UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA M. KENNEY,

Plaintiff,

Case No.
Hon.

vs.

FCA US, LLC, *a foreign limited liability company* and MONICA STROMBERG, *jointly and severally*,

Defendants.
______________________________/

Carol A. Laughbaum (P41711)
Attorney for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, Michigan 48304
(248) 644-1500
claughbaum@sterlingattorneys.com
______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Lisa M. Kenney, by her attorneys Sterling Attorneys at Law, P.C., for her Complaint and Demand for Jury Trial, submits the following:

***Jurisdiction and Parties***

1. This is an action for age discrimination pursuant to the Age Discrimination in Employment Act (ADEA), 29 USC 621 *et seq*. and Michigan's Elliott Civil Rights Act (ELCRA), MCL 37.2101 *et seq.;* and tortious interference pursuant to Michigan common law.

2. Plaintiff's claims arise out of her employment relationship with Defendants.

3. Plaintiff Lisa M. Kenney (hereafter "Plaintiff," "Kenney" or "Plaintiff Kenney") resides in Linden, Michigan within the Eastern District of Michigan.

4. Defendant FCA US, LLC (hereafter "FCA," or "Defendant FCA") is a limited liability company organized under the laws of the State of Delaware that conducts business in Michigan, including within the Eastern District of Michigan, and maintains its headquarters in Auburn Hills, Michigan, within the Eastern District of Michigan.

5. Defendant Monica Stromberg (hereafter "Stromberg" or "Defendant Stromberg") was at pertinent times Plaintiff's supervisor and resides within the Eastern District of Michigan.

6. The actions giving rise to this matter arose within the Eastern District of Michigan.

7. More than sixty (60) days have passed since the date Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission on March 31, 2026.

8. This Court has subject matter jurisdiction of Plaintiff's claims pursuant to 28 USC 1331 (federal question), 28 USC 1343 (civil rights) and 28 USC 1367 (supplemental jurisdiction).

9. Plaintiff initially, and timely, filed the claims at issue with the American Arbitration Association (AAA) in accordance with the applicable provisions of Plaintiff's employment agreement and Defendant FCA's EDRP Arbitration Procedure.

10. The parties subsequently agreed to adjudicate the claims at issue in this Court. Accordingly, the parties entered into a Tolling Agreement and per stipulated order have dismissed the AAA matter without prejudice, to proceed in this forum.

11. Jurisdiction and venue of this matter properly lie within this Court.

***Background Facts***

12. Plaintiff Kenney was born in 1975.

13. On or about July 25, 2017, Defendant FCA hired Plaintiff Kenney as a Digital Performance Manager.

14. In that role, Plaintiff Kenney, working in the field with Sales and Marketing, was in charge of digital analytics for 300 dealerships in five states.

15. In January 2019, Plaintiff Kenney was promoted to Digital Marketing and Analytics Manager, overseeing digital analytics for all North America dealerships (2700 stores).

16. In 2020, Defendant Stromberg became Plaintiff's manager.

17. At all times, Plaintiff Kenney performed her job duties in a manner that was satisfactory or better.

18. In fact, Kenney never missed her performance goals, as confirmed by her midyear and annual reviews, regularly achieving 125% of goal.

19. After Defendant Stromberg pushed out one of Plaintiff's peers, Plaintiff Kenney was the oldest person on Stromberg's team.

20. Defendant Stromberg continued to hire significantly younger people (in their 20s and 30s) onto her team.

21. Defendant Stromberg displayed clear favoritism toward Plaintiff's younger peers.

22. Among other things, Stromberg assigned Plaintiff Kenney projects, which Kenney worked tirelessly to successfully complete, only to have Stromberg then direct younger team members to present those projects to leadership; tapped Plaintiff's younger peers to be the face of the company at job fairs, etc.; de-prioritized Plaintiff's projects; insulted Plaintiff when she attempted to discuss her career path and promotional opportunities and suggested involving Human Resources; and generally marginalized and side-lined Plaintiff.

23. Due to Stromberg's disparate treatment of Plaintiff Kenney, Kenney attempted to leave Stromberg's team.

24. In 2025, Plaintiff Kenney interviewed and was hired for a different job at FCA, which would have been a promotion.

25. Kenney was to start her new position on October 1, 2025.

26. Defendant Stromberg blocked Plaintiff's promotion, keeping Plaintiff on her (Stromberg's) team.

27. Stromberg then literally quadrupled Plaintiff's work, redistributing work from Plaintiff's peers and assigning it to Plaintiff.

28. Numerous colleagues observed and commented on Defendant Stromberg's obvious mistreatment of Plaintiff.

29. Plaintiff Kenney worked 15-20 hour days in order to meet deadlines and keep up with the punitive workload imposed by Stromberg.

30. Plaintiff Kenney continued to far exceed her performance goals.

31. On or about November 13, 2025, Defendant Stromberg advised Plaintiff that due to a reorganization, Plaintiff's position was being eliminated and she was being terminated.

32. Approximately a week later, Plaintiff's job was posted.

33. Upon information and belief, Plaintiff was replaced by a substantially younger person.

## COUNT I

***Age Discrimination in Violation of the ELCRA***
***(disparate treatment and hostile work environment)***

34. Plaintiff incorporates by reference the above paragraphs as though set forth in full again here.

35. At all relevant times, Plaintiff was an employee and Defendants FCA and Stromberg were her employers covered by and within the meaning of Michigan's Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101, *et seq*.

36. Plaintiff's age was a significant and motivating factor in Defendants' decision to terminate Plaintiff's employment.

37. Defendants' treatment and termination of Plaintiff was based on unlawful consideration of her age, in violation of the ELCRA.

38. Defendants were predisposed to discriminate on the basis of age, and acted in accordance with that predisposition.

39. Defendants' actions created a hostile work environment.

40. Plaintiff was replaced by a significantly younger individual.

41. Plaintiff's termination occurred under circumstances giving rise to an inference of age discrimination.

42. The actions of Defendants were deliberate and intentional, and engaged in with malice, or with reckless indifference to the rights and sensibilities of Plaintiff.

43. As a direct and proximate result of Defendants' wrongful and discriminatory treatment of Plaintiff Kenney, she has suffered injuries and damages, including but not limited to, loss of past, present and future earnings and earning capacity; loss of the value of fringe and retirement benefits; mental and emotional distress, including anxiety and mental anguish, humiliation and

embarrassment; and the loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

## COUNT II

***Age Discrimination in Violation of the ADEA***
***(as to Defendant FCA, only; disparate treatment and hostile work environment)***

44. Plaintiff incorporates by reference the above paragraphs as though set forth in full again here.

45. At all relevant times, Plaintiff was an employee and Defendant FCA was her employer covered by and within the meaning of the Age Discrimination in Employment Act (ADEA), as amended, 29 USC 621, *et seq*.

46. Plaintiff was well qualified for her position.

47. Plaintiff's age was a significant and motivating factor in her treatment and termination by Defendant FCA.

48. Plaintiff's age was a determinative and but-for cause of her treatment and termination by Defendant FCA.

49. Defendant FCA's treatment and termination of Plaintiff was based on unlawful consideration of her age, in violation of the ADEA.

50. The actions of Defendant FCA, by its agent(s) were deliberate and intentional, and engaged in with malice, or with reckless indifference to the rights and sensibilities of Plaintiff.

51. As a direct and proximate result of Defendant FCA's wrongful and discriminatory treatment of Plaintiff Kenney she has suffered injuries and damages, including but not limited to, loss of past, present and future earnings and earning capacity; loss of the value of fringe and retirement benefits; mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; and the loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

## COUNT III

***Tortious Interference***
***(as to Defendant Stromberg, only)***

52. Plaintiff incorporates by reference the above paragraphs as though set forth in full again here.

53. Plaintiff Kenney had a beneficial business relationship and expectancy with Defendant FCA of which Defendant Stromberg was aware.

54. Defendant Stromberg actively sought to undermine Plaintiff's employment relationship for her own personal motives and agenda.

55. Defendant Stromberg sought to punish Plaintiff for leveling legitimate concerns about Stromberg's treatment, suggesting involving HR, and/or due to jealousy or other personal motivations.

56. Defendant Stromberg's actions were not motivated by legitimate business reasons.

57. Defendant Stromberg's actions were intentional, improper, without justification, and malicious.

58. Defendant Stromberg's tortious conduct resulted in the termination of Plaintiff's beneficial business relationship with Defendant FCA.

59. As a direct and proximate result of Defendant Stromberg's wrongful and tortious treatment of Plaintiff Kenney, she has suffered injuries and damages, including but not limited to, loss of past, present and future earnings and earning capacity; loss of the value of fringe and retirement benefits; mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; and the loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

## RELIEF REQUESTED

For all the foregoing reasons, Plaintiff Lisa M. Kenney demands judgment against the Defendants as follows:

**A. Legal Relief:**

1. Compensatory damages in whatever amount she is found to be entitled;

2. A judgment for lost wages and benefits in whatever amount she is found to be entitled;

3. Liquidated (double) economic damages in whatever amount she is found to be entitled.

4. An award of interest, costs and reasonable attorney fees; and,

5. Whatever other legal relief appears appropriate at the time of final judgment.

**B. Equitable Relief:**

1. An injunction out of this Court prohibiting any further acts of wrongdoing;

2. An award of interest, costs and reasonable attorney fees; and,

3. Whatever other equitable relief appears appropriate at the time of final judgment.

**JURY DEMAND**

Plaintiff, by her attorneys, hereby demands a trial by jury of all issues in this cause.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Carol A. Laughbaum
Carol A. Laughbaum (P41711)
Attorney for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

Dated: November 3, 2026